UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Chinnici

   v.                                                 Civil No. 15-cv-124-SM

Bruce Pelkie, Superintendent,
Strafford County Department of
Corrections

**REPORT AND RECOMMENDATION**

John Chinnici, a federal inmate presently incarcerated at the Strafford County Department of Corrections ("SCDC"), has filed a habeas petition (doc. no.1 ) pursuant to 28 U.S.C. § 2241. On July 7, 2015, the court held a hearing on Chinnici's motion (doc. no. 6) seeking to be released during the pendency of this action. The hearing was held to enable the court to determine whether Chinnici was being held beyond his release date, as Chinnici has alleged. The Bureau of Prisons ("BOP") has determined that Chinnici should be released on July 21, 2015.

**Background**

Chinnici is incarcerated pursuant to a ninety-month sentence imposed in the District of Vermont in 2008, and a consecutive twelve-month sentence imposed in the Northern District of West Virginia in 2013. The BOP aggregated the

sentences and treated Chinnici's sentence as a single 102-month sentence for the purpose of determining Chinnici's release date, pursuant to 18 U.S.C. § 3584(c) which states that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."  Id.

## Discussion

At the hearing, the court heard evidence and argument from both parties concerning the calculation of Chinnici's sentence and release date.  The respondent set forth the BOP's calculations concerning Chinnici's good time earned and lost during his incarceration.  Chinnici did not contest the good time earned and lost, or other calculations reported by the respondent at the hearing, to the extent the sentences were properly aggregated.

Instead, Chinnici argued that his two sentences should not be aggregated for the purpose of calculating his good time. Chinnici argued that the judge in the Northern District of West Virginia intentionally sentenced him to twelve months of imprisonment, rather than a sentence of twelve months and one day, as requested by Chinnici, so that Chinnici would not earn good time credit on his twelve month sentence.  During the last

2

twelve months of his incarceration, Chinnici has lost good time that has extended his release date until July 21, 2015, whereas, if he had been serving, for the last twelve months, a sentence in which he could neither gain nor lose good time, the good time he earned while serving his ninety-month sentence would have entitled him to a release date earlier than July 21, 2015.

As the court explained to Chinnici at the hearing, § 3584(c) applies in his case, and thus, the aggregation of his sentences is appropriate for purposes of calculating Chinnici's good time earned and lost, and, accordingly, of his release date.  For that reason, the court accepts the uncontested calculations of the BOP, as set forth at the hearing, and finds that Chinnici is not entitled to be released at this time.  The court therefore recommends that Chinnici's motion for release (doc. no. 6) be denied.

## Conclusion

For the foregoing reasons, and for the reasons stated on the record at the July 7, 2015, hearing, the court recommends that Chinnici's motion (doc. no. 6), seeking release during the pendency of this action, be denied.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure

to file objections within the specified time waives the right to appeal the district court's order. See <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011; <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 16, 2015

cc: John Chinnici, pro se
 Seth R. Aframe, Esq.
 Thomas P. Velardi, Esq.